*Leslie and Botts, for appellant.*

---

### JAMES METCALFE *v.* MARY A. STUBBS ET AL.

**Parent and Child—Advancements.**

     A deed from a father to son "in consideration of $1.00 and the natural love and affection,' held to be an advancement, and chargeable to the son upon a settlement of the estate.

**Same—Evidence.**

     Such a deed is higher and better evidence than mere statements, some contradictory, made subsequent thereto, by the father.

**Same—Rents.**

     No rents could be chargeabe to the son, this being in the nature of a parol gift of land.

**Same—Interest—Use.**

     An advancement, in the nature of a parol gift, for the erection of a dwelling is not chargable with interest, it not being in the class of cases where the use of land is the advancement and not the thing itself, in which case the value of the use, but not the interest thereon, is charged to the beneficiary.

APPEAL FROM CAMPBELL CIRCUIT COURT.

November 20, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This case involves the sole question of advancements by William L. Metcalfe, deceased, to his son James, the appellant.

December 6, 1850, William Metcalfe made the appellant a deed to 9¾ acres for the recited consideration of one dollar and the *natural love* and *affection* which he had for his son. James tried to repel the legal effect of this recited consideration by the attempted proof that it was for the consideration that James would remove from Cincinnati and live by him. But we regard the deed as of higher and more certain and satisfactory evidence than the many incongruous, inconsistent and contradictory statements of the old man subsequently made, from time to time through a series of years, as shown by the respective parties, and for many of the reasons shown by this court in *Cleaver and wife vs. Kirk's heirs, 3 Met., 371,* and *Clarke vs. Clarke, 17 B. Mon., 704,* regard the charge against James for this land as an advancement as right. But we know of no legal principle by which he can be held responsible for rents, for even on parol gifts of land no rent can be charged, as held by this court in *Montjoy vs. McGinnis, 2 Duvall, 187,* much less so when the absolute title has been conveyed by deed.

William T. Metcalfe originally purchased the Owl Creek tract from Taylor, paying at the time $1,000 in the check of his son James and executed his two notes for the deferred payments.

Afterwards he assigned Taylor's title bond to his son James, as may be inferred, for value received, and James substituted his own notes to Taylor for those of his father's, but it is insisted that James should be held for this $1,000 cash payment, because as it is said it was his father's means, and this is quite probable, as it appears he did most if not all the checking on his father's funds deposited in bank, and the evidence indicates that James alone could check on these funds.

But as the evidence indicates that it was a sale for value and not a gift by his father to James it should be presumed as settled in this trade, though Taylor's title bond seems not to be in the record, notwithstanding it is referred to as part of his deposition, and would be more satisfactory if so. Whatever, therefore, may have been the exact state of the case as to this check for $1,000, it must be presumed to have been fully settled and adjusted in the subsequent purchase of the land by James from his father as evidenced by the transfer of the title bond. It was erroneous to adjudge anything against him on this account.

Appellees by cross-appeal question the correctness of the judg-

ment disallowing anything against James on account of the dwelling and other houses built by James, subsequently to his father's conveyance of the 9¾ acres. As to this there is no writing as a guide and the whole matter depends upon parol evidence, detailing, mainly the statements of the old man made before the house was built, whilst it was being erected and after it was completed. From the various statements of the old man and facts appearing we are convinced that he did assist James in the building of that rather fine and commodious dwelling. It is true his statements as to this are mainly of a general character and somewhat incongruous. Sometimes he would say he built it for James, at others he assisted James in building it, sometimes that he had paid for it, at others that he had assisted James in paying for it, he being unable to pay for it. But to one witness, however, did the old man ever express the amount paid, and that was $3,000, whilst it must have cost nearly double that sum. Upon the whole, we think James should be charged with three thousand dollars as an advancement on account of the dwelling, etc., erected on the 9¾ acres of land subsequently to his father's conveyance of it, but no interest should be allowed on this, as it, too, was a gift and not a loan, hence, distinguishable from that class of cases where the use of land and slaves is the advancement and not the thing itself in which case the value of the use, but not interest thereon, is charged to the beneficiary.

Wherefore, the judgment is reversed upon the appeal and cross-appeal without costs to either party, with directions to render a judgment as herein indicated.

*Hallam, for appellant.*

*Hawkins, for appellee.*